By the Court.—Sedgwick, J.
The action was in *325 ejectment. The motion was made upon the ground, as stated in the notice, that the attorneys for plaintiff “had not, at the time of the commencement of the action, any sufficient authority, or any authority, to institute this action on behalf of said plaintiffs.”
Before such motion was made, the defendant had obtained an order that the attorneys for plaintiff show cause why “they shall not be compelled to produce their authority from the plaintiff for commencing this action,” staying proceedings in the meantime.
On the return day of this order, an affidavit of the plaintiff was produced, made after the action was begun, which stated : “ I have instructed Man & Parsons, of 56 Wall street, New York city, my attorneys, to bring an action to eject, from the said premises, Harvey A. Allen,” “and I have directed that such suit should be brought in my name, as plaintiff.” An order was thereupon made, reciting the order to show cause, and continuing, “ now, on producing and filing the said authority asked for by the defendant, given by said plaintiff to his said attorneys, the order is hereby confirmed.”
This order was not appealed from, but subsequently the present motion was made, on the ground that the authority produced was not sufficient, under 2 R. S. 2 ed. p. 314, § 20, which is “ any written request of such plaintiff or his agent, to commence such action, or any written recognition of the authority of the attorney to commence the same, duly proved by the affidavit of such attorney or other competent witness, shall be sufficient presumptive evidence of such authority.” But it is manifest that the court, in proceeding upon the order to show cause, had once declared that there was sufficient authority in the affidavit of the plaintiff that had been produced. This adjudication was final until reversed, and could not be reviewed upon the motion for the order now appealed from.
*326 If the court had been called upon to look at the character of the authority, it must have been held sufficient. It was a reasonable inference, that when the plaintiff swore that “I have instructed,” and “I have directed that such suit shall be brought,” he referred to this suit, as already to his knowledge brought.
Order appealed from affirmed, with $10 costs, and disbursements to be taxed.
Freedman, J., concurred.